IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSHUA ETHAN FRANCIS,

                                   Plaintiff,

  v.                                                    OPINION and ORDER

BRANDON LAFEVER,                            22-cv-607-jdp

                                 Defendant.

---

      Pro se plaintiff Joshua Ethan Francis has filed a civil rights complaint and paid the filing fee. Francis resides in Wisconsin. Francis alleges that, while he was a pretrial detainee at Dickson County Jail in Charlotte, Tennessee, defendant Brandon LaFever unlawfully sprayed him with chemical agent. Because venue is not proper in this district, I will transfer the case to the Middle District of Tennessee.

      28 U.S.C. § 1391(b) governs venue for civil rights actions. As relevant here, a plaintiff may bring a civil action in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or in a "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *Id.* § 1391(b)(1)–(2).

      A court may dismiss a case on screening when "the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) (collecting cases). So, although a court generally should not dismiss a case for improper venue on its own, *Auto. Mechanics Loc. 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007), it may do so if the complaint shows that the assertion of venue is frivolous, *Atherton v.*

*St. Vincent Hosp.*, 774 F. App'x 304, 305–06 (7th Cir. 2019); *see also Granger v. Rauch*, 388 F. App'x 537, 538, 541 (7th Cir. 2010). An assertion of venue is frivolous if it has no arguable basis in law. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). And, if an assertion of venue is frivolous, the court need not give a pro se litigant notice and an opportunity to respond before dismissing a case. *See Atherton*, 774 F. App'x at 305–06; *see also Weinschenk v. Cent. Intel. Agency*, 818 F. App'x 557–58 (7th Cir. 2020).

Here, Francis exclusively challenges actions that LaFever took while working at the jail, which is in Dickson County, Tennessee. For venue purposes, Dickson County is in the Middle District of Tennessee. *See* 28 U.S.C. § 123(b)(1). And Francis alleges that LaFever is a Tennessee resident. *See* Dkt. 1 ¶ 3. Under § 1391(b)(1)–(2), venue is proper only in the Middle District of Tennessee. The complaint clearly shows that Francis's assertion of venue in this District was frivolous.

When venue is improper, courts may dismiss or, "if it be in the interest of justice," transfer the case to the proper venue. 28 U.S.C. § 1406(a). The complaint's substantive allegations do not appear to be frivolous on their face. Also, if I dismissed the case, Francis likely would have to pay the filing fee again if he refiled this action in the Middle District of Tennessee. So I will transfer this case to that district instead of dismissing it.

ORDER

IT IS ORDERED that:

1. This case is TRANSFERRED to the Middle District of Tennessee.

2. The clerk is directed to close this case and send plaintiff a copy of this order.

Entered November 2, 2022.

                                              BY THE COURT:

                                              /s/

                                              _____
                                              JAMES D. PETERSON
                                              District Judge